## 8987

### STATE v. ROGERS.

#### (83 S. C. 971.)

CRIMINAL LAW. CONFESSIONS. EVIDENCE. ISSUES. TRIAL.

1. CRIMINAL LAW—CONFESSION—ADMISSIBILITY.—A confession is not admissible unless it is voluntary, and whether it is voluntary is, in the first instance, for the presiding Judge, but the jury are the final judges of the fact.

2. CRIMINAL LAW—CONFESSION—VOLUNTARY—BURDEN OF PROOF.—The State, seeking to introduce a confession in evidence, has the burden of proving that it was voluntary, and there is no presumption of law that it was voluntary.

3. CRIMINAL LAW—CONFESSION—VOLUNTARY—EVIDENCE—SUBMISSION TO JURY.—Where the Court, excluding the jury while hearing evidence on the question whether a confession was voluntary, decided that it was voluntary, the State, on the jury being recalled, must show the facts leading up to the confession and introduce again all the testimony on which the Judge based his ruling, so that they may finally determine whether the confession was voluntary.

Before MAULDIN, J., Greenville, August, 1914. Reversed.

From a judgment on conviction for murder, the defendant appeals. The facts are stated in the opinion.

*Mr. R. M. DeShaze,* for appellant, submits: *Where the testimony as to circumstances under which a confession was made is conflicting, it must be submitted to, and passed upon by, the jury:* 1 Strob. L. 378; 36 S. C. 534; 54 S. C. 174; 13 S. C. 395; 47 Ga. 572; 84 Ga. 613; Underhill on Criminal Evidence 126. *Where inducements have been offered their influence may be presumed to continue:* 1 Greenleaf 221; 66 N. C. 538; 36 S. C. 324.

*Mr. Solicitor Bonham,* for the respondent.

FOOTNOTE.—See note in 50 L. R. A. (N. S.) 1077 to 1089 as to when confession is voluntary, and by whom its character is to be determined.

December 31, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from the sentence of death imposed upon the defendant for murder.

The first exception is as follows:

"Because his Honor, the presiding Judge, erred in refusing to charge the following request to charge, 'That the jury cannot convict on the alleged confession of Junius Rogers unless they find in the evidence submitted to them that the alleged confessions were free and voluntary. In the absence of positive proof that the alleged confessions were free and voluntary, there is no presumption of law, that they were free and voluntary, and in not sustaining a motion for a new trial on that ground."

A confession is not admissible unless it is voluntary, and the question whether it is voluntary, must be determined, in the first instance, by the presiding Judge, but the jury must be the final arbiters of such fact. *State* v. *Branham,* 13 S. C. 389; *State* v. *Workman,* 15 S. C. 540; *State* v. *Carson,* 36 S. C. 524, 15 S. E. 588.

As a confession is not admissible unless it is voluntary, it necessarily follows, that the burden rests upon the State to show, that it was voluntary; and that there is no presumption of law, that it was voluntary.

The second exception is as follows:

"Because his Honor, the presiding Judge, erred in allowing the witnesses for the State to testify as to the alleged confession of the defendant over the defendant's objection, said confession being involuntary and clearly inadmissible, and error in not sustaining defendant's motion for a new trial on that ground."

There were three confessions, two of which were made during the night and the other, next morning.

His Honor, the presiding Judge, ruled that the first and second confessions were not admissible, but allowed the State to introduce in evidence the third confession.

When the question arose as to the admissibility of the confessions, his Honor, the presiding Judge, requested the jury to retire, and while they were in their room, the State introduced a great deal of testimony, for the purpose of showing that the second and third confessions were voluntary—there being no question that inducements were held out, when the defendant made the first confession.

The defendant was under arrest when all the confessions were made.

After the jury was recalled to the Court room, no testimony was introduced, for the purpose of showing that the confessions were voluntary; and, as there was a failure on the part of the State to show such fact, except by testimony which was not submitted to the jury, the third confession was erroneously admitted.

The third exception is as follows:

"Because his Honor, the presiding Judge, erred in sending and keeping the jury from the Court room, and keeping from them all evidence of the circumstances, leading up to the alleged confessions, and all evidence as to whether the alleged confessions were free and voluntary, it being a question of fact, whether, under all the circumstances, they believed them to be free and voluntary, and in not sustaining defendant's motion for a new trial on this ground."

The defendant was entitled to have all the testimony considered by the jury, upon which the presiding Judge based his ruling, as we have already shown, that the jury must finally determine whether the confession was voluntary.

What has already been said disposes of the fourth exception.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.